UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>HERBALIFE, LTD. SECURITIES LITIGATION<br><br>_____ | Case No.:  CV 14-2850 DSF (JCGx)<br><br>ORDER GRANTING FIREFIGHTERS' PENSION FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br>(Docket No. 28) |

Plaintiff Abdul Awad initiated this securities class action against Defendant Herbalife, Ltd., and certain officers and directors of Herbalife.  The Firefighters' Pension Funds (the Funds)[1] moves for their appointment as lead plaintiff and for approval of their selection of counsel.  The Funds' motion is unopposed.[2]

Private securities class actions such as this one are governed by the Private Securities Litigation Reform Act (PSLRA).  Under the PSLRA,

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely

---

[1] The Funds are the Oklahoma Firefighters Pension and Retirement System and the City of Atlanta Firefighters' Pension Fund.

[2] Another group of investors had filed a motion for appointment as lead counsel, but has since withdrawn its motion.  (See Docket Nos. 25, 36.)

>circulated national business-oriented publication or wire service, a
>notice advising members of the purported plaintiff class –
>(I) of the pendency of the action, the claims asserted therein, and the
>purported class period; and
>(II) that, not later than 60 days after the date on which the notice is
>published, any member of the purported class may move the court to
>serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(I). On April 14, 2014, the day the Complaint was filed, Plaintiff published a notice satisfying these requirements on Globe Newswire, a widely circulated national business-oriented wire service. (<u>See</u> Decl. of Joseph E. White (White Decl.), Ex. A.) The Funds timely filed this motion within the 60-day period following the publication of that notice.

The PSLRA further states that, after proper notice has been given:

>[T]he court shall consider any motion made by a purported class
>member in response to the notice, including any motion by a class
>member who is not individually named as a plaintiff in the complaint
>or complaints, and shall appoint as lead plaintiff the member or
>members of the purported plaintiff class that the court determines to
>be most capable of adequately representing the interests of class
>members (hereafter in this paragraph referred to as the "most adequate
>plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(I). There is a rebuttable presumption that the most adequate plaintiff "is the person or group of persons" that:

>(aa) has either filed the complaint or made a motion in response to a
>notice under subparagraph (A)(I);
>(bb) in the determination of the court, has the largest financial interest
>in the relief sought by the class; and

2

1  (cc) otherwise satisfies the requirements of Rule 23 of the Federal
2  Rules of Civil Procedure.

15 U.S.C.A. § 78u-4(a)(3)(B)(iii).

The first prong has been met, as the Funds filed a timely motion to be appointed lead plaintiff.  As for the second prong, the Funds have provided evidence that, under any measure, they have suffered financial losses of at least $1.4 million.  (See White Decl., Exs. C, E.)  This is a significant financial interest.  In the absence of any evidence or suggestion to the contrary, the Court deems the Funds to have the largest financial interest.

The Funds have also made an adequate showing that they satisfy the "typicality" and "adequacy" requirements of Rule 23(a).[3]  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  Ellis v. Costco Wholesale Corp., 657 F.3d 970, 984 (9th Cir. 2011) (citation and quotation marks omitted).  Here, both the Funds and the other class members purchased Herbalife securities during the Class Period at prices alleged to be artificially inflated due to Herbalife's false and misleading statements, and allegedly suffered damages when corrective disclosures removed that inflation.  The typicality test is therefore met,

---

[3]  The PSLRA states that "[t]he presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – **(aa)** will not fairly and adequately protect the interests of the class; or **(bb)** is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Therefore, in deciding motions to appoint lead plaintiffs under the PSLRA, courts routinely analyze only the "typicality" and "adequacy" requirements of Rule 23, deferring examination of the remaining requirements until a motion for class certification.  See, e.g., Leevan v. Credit Suisse Int'l, No. C 13-2783 SBA, 2013 WL 6490269, at *3 (N.D. Cal. Dec. 5, 2013); Russo v. Finisar Corp., No. 5:CV 11-01252-EJD, 2011 WL 5117560, at *4

as all class members have suffered similar injuries stemming from the same course of conduct. In evaluating the "adequacy" requirement, "courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Id. at 985 (citation and quotation marks omitted). The Court has no reason to believe that either the Funds or their retained counsel have a conflict of interest with any putative class member, or that they will not vigorously prosecute this action.

The Funds have established a rebuttable presumption that they are the "most adequate plaintiff." No class member has come forward to rebut the presumption. Therefore, the Funds' motion for appointment as lead plaintiff is GRANTED.

The Court also approves the selection of the Funds' counsel, Saxena White, P.A. Having reviewed the firm's resume, (White Decl., Ex. F), the Court finds that the Funds' choice of counsel was reasonable. See Cohen v. U.S. Dist. Court for N. Dist. of California, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."). The choice of the Tostrud Law Group, P.C. (Tostrud) is also approved. As discussed at the hearing, the Court expects that the role of Tostrud will be extremely limited, and that there will be no duplication of effort.

IT IS SO ORDERED.

Dated: 7/30/14

_____
Dale S. Fischer
United States District Judge

4