JONATHAN C. DICKEY, SBN 88226
JDickey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

DANIEL S. FLOYD, SBN 123819
DFloyd@gibsondunn.com
ALEXANDER K. MIRCHEFF, SBN 245074
AMircheff@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendants
Herbalife Ltd., Michael O. Johnson,
Desmond Walsh, and John DeSimone

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE HERBALIFE, LTD. SECURITIES LITIGATION | Case No. 2:14-CV-02850-DSF (JCGx)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Gibson, Dunn & Crutcher LLP

NOTICE OF SUPPLEMENTAL AUTHORITY

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants in the above entitled action hereby submit the following notice of supplemental authority and brief clarification of a point in their motion to dismiss. On February 6, 2015, the First Circuit in *Fire and Police Pension Association of Colorado v. Abiomed, Inc., et al.*, Case No. 14-1502 (copy attached), in an opinion by Chief Judge Lynch (and joined by the Hon. David Souter, sitting by designation), upheld the dismissal with prejudice of a putative securities class action complaint alleging fraud in statements made regarding actions taken by the Food and Drug Administration (the "FDA") against defendant Abiomed, Inc.

We believe the First Circuit's discussion regarding the scienter standards as applied to securities claims grounded in alleged fraudulent statements concerning the lawfulness of business practices reinforce the arguments Defendants in this action have made in their motion and reply. In particular, the First Circuit rejected plaintiffs' scienter allegations where, as here, the company had explicitly disclosed to investors the risk that its regulator (the FDA) "might disagree with the company's assessment of the legality of its marketing practices," and that if the government took enforcement action against the company, it would have a material adverse impact on the company's business. (Slip Op. at 31.) The court noted that it would be a "perverse result" if the company was required to admit to "widespread wrongdoing rather than stating that the outcome of its regulatory back-and-forth . . . was uncertain." (*Id.* at 32.)

The *Abiomed* decision also rejected plaintiffs' allegations based on Confidential Witnesses, finding, *inter alia*, that none of the CWs were in senior management positions, "and they appear to have had relatively little ongoing contact with senior management." (*Id.* at 35.) The court further noted that even if the CWs' statements plausibly suggested that the company was acting improperly, "they do not show that the defendants' statements . . . were made with conscious intent to defraud or recklessly." (*Id.* at 36.)

This additional authority reinforces why the amended complaint here, with much less compelling facts, falls far short of demonstrating the requisite strong inference of scienter. Despite Plaintiffs' suggestion that there are "cogent and compelling" inferences of scienter (Opp. at 29), none of those allegedly "compelling" inferences withstand scrutiny.

As an example, Plaintiffs purport to rely upon the "California injunction" from 1986 discussed in Pershing Square's "Questions for Herbalife" dated February 7, 2013 (Exhibit C to the amended complaint). Defendants respectfully submit that the injunction speaks for itself, and does not support a finding of scienter. The Court does not need to interpret the injunction or the California Attorney General's position as to Herbalife and its business practices. To the extent Defendants' opening brief might be read to characterize the injunction or suggest that the California Attorney General has approved Herbalife's practices (Opening Brief p. 27, lines 18–24), that was not intended and Herbalife clarifies that it is not making that argument. Plaintiffs' allegations of scienter fail as a matter of law for all the other reasons set forth in Defendants' motion.

DATED: February 24, 2015         GIBSON, DUNN & CRUTCHER LLP

                                 By:   /s/ JONATHAN C. DICKEY
                                         JONATHAN C. DICKEY
                                 Attorneys for Defendants

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 333 South Grand Avenue, Los Angeles, California 90071. On February 24, 2015, I caused the foregoing document to be served as follows:

**[X]** by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to counsel of record for all parties by operation of the Court's CM/ECF System.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on February 24, 2015, at Los Angeles, California.

*/s/ Alexander K. Mircheff*
Alexander K. Mircheff

Gibson, Dunn & Crutcher LLP