UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 14–2850 DSF (JCGx) | Date | 3/16/15 |
| Title | In re Herbalife, Ltd. Securities Litigation | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order re Lead Plaintiff City of Atlanta Firefighters' Pension Fund

Defendants contend that Lead Plaintiffs City of Atlanta Firefighters' Pension Fund (Atlanta) and Oklahoma Firefighters Pension and Retirement System (Oklahoma) lack standing to proceed as lead plaintiffs in this action.

The record indicates that Atlanta was a net gainer over the Class Period – that is, Atlanta profited over the relevant period because the dollar value of its Class Period sales of Herbalife stock exceeded the dollar value of its Class Period purchases.  (See Dkt. No. 71-2.)  Plaintiffs do not dispute that it is improper for a net gainer to serve as lead plaintiff in a securities fraud class action such as this.  Rather, Plaintiffs argue that "[w]hile Atlanta is a net seller, it is not a net gainer, as it suffered substantial loss due to Defendants' fraud." (Pls.' Opp. at 34.)  Plaintiffs provide no authority for the claim that Atlanta was not a net gainer or suffered "substantial loss."  In fact, during oral argument, Plaintiffs conceded that Atlanta was a net gainer over the putative Class Period.  Plaintiffs have offered no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

persuasive authority for the proposition that a net gainer can be a proper lead plaintiff in a securities fraud class action.  The Court accordingly VACATES its July 30, 2014 order appointing Atlanta as Lead Plaintiff in this action.

Oklahoma appears to be an appropriate Lead Plaintiff.  Oklahoma disclosed that it had sought to serve and was appointed as lead plaintiff in seven securities class actions during the three years that preceded the date of certification in this case.  (Dkt. No. 34-2.)  The "professional plaintiffs" bar may not apply to institutional plaintiffs such as Oklahoma.  Even if it did, the PSLRA provides discretion to waive the restriction to achieve the objectives of the statute.  15 U.S.C. § 78u-4(a)(3)(B)(vi).  Plaintiffs' recent submissions indicate that Oklahoma was a net loser over the Class Period.  (Dkt. No. 71-1.)  The concerns regarding Atlanta therefore do not apply to Oklahoma.  The Court declines to consider the matter further unless a party claiming to be a more appropriate lead plaintiff brings that issue to the Court's attention.

The Court's July 30, 2014 order appointing Atlanta as Lead Plaintiff in this action is VACATED.  Oklahoma may proceed as Lead Plaintiff.

IT IS SO ORDERED.