UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 14-2850 DSF (JCGx) | Date | 11/23/15 |
| Title | In re Herbalife, Ltd. Securities Litigation | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 120)

    Plaintiff Oklahoma Firefighters Pension and Retirement System alleges that Herbalife, Ltd., and Chief Executive Officer Michael O. Johnson violated federal securities laws by misrepresenting the company's compliance with laws governing multi-level marketing (MLM) businesses. The Court dismissed the Plaintiff's First Amended Complaint (FAC) for failure to adequately plead loss causation. (Dkt. 87) It also dismissed Plaintiff's Second Amended Complaint (SAC) for failure to adequately plead scienter. (Dkt. 115)

    Plaintiff's Third Amended Complaint (TAC) attempts to shore up the scienter allegations by adding factual allegations of Johnson's involvement in the day-to-day operations of the company and alleged knowledge of internal reports. Defendants again move to dismiss, arguing that Plaintiff fails to adequately allege material misrepresentations, scienter, and loss causation.[1]

    Because Plaintiff fails to adequately allege material misrepresentations or scienter, the Court need not consider loss causation. Defendants' motion is granted.

---

[1] Defendants also move for dismissal of the Section 20(a) claim because Plaintiff fails to adequately allege a violation of Section 10(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

### Material Misstatements

To prevail in an action under Section 10(b) of the Securities Exchange Act and Rule 10b-5(b), Plaintiff must prove a material misrepresentation or omission. <u>Loos v. Immersion Corp.</u>, 762 F.3d 880, 886 (9th Cir. 2014). Because private securities litigation is subject to a heightened pleading standard, the complaint must "specify each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading." <u>In re Vantive Corp. Sec. Litig.</u>, 283 F.3d 1079, 1085 (9th Cir. 2002). "If the challenged statement is not false or misleading, it does not become actionable merely because it is incomplete." <u>Id.</u>

Plaintiff has identified the following statements as false and misleading: (1) "We believe that our network marketing program satisfies the standards set forth in the Omnitrition case ….", TAC ¶ 76; (2) "The [permanent] injunction [entered pursuant to a 1986 settlement] required us to implement some documentation systems with respect to payments to our distributors," TAC ¶ 79; (3) "We get daily sales updates … [W]e have a detailed distributor database that gives us dozens of metrics on each distributor," TAC ¶ 82; (4) "[Y]ou can kind of peel off the onion to see what kind of granularity you want to look at. You can look at an individual distributorship, you can look at the whole lineage of a distributor that has a downline," TAC ¶ 83; (5) "[G]oing back to our 70 percent rule, we believe that it's at 70 percent or potentially in excess of that," TAC ¶ 85; (6) "[I]n order to minimize the risk of product being accumulated by distributors, the company has policies in place such as the 70% Rule, the Ten Customer Rule and the Buy Back policy," TAC ¶ 87; (7) "Discount buyers were 27 percent…; Small retailers were 61 percent …; Potential supervisors were 12 percent," TAC ¶ 91; (8) "[T]his report does not contain any untrue statement of material fact or omit to state a material fact." (Johnson's Form 10-K certification), TAC ¶ 93. Plaintiff alleges that the statements were false because Defendants had the ability to track data more carefully but did not, TAC ¶ 81, or because the bases for their conclusions were unreliable, TAC ¶¶ 71-74.

For the purposes of the motion, the Court assumes the identified statements are false or misleading.[2] A misrepresentation is only material, however, if there is a

---

[2] The Court notes that some parts of the TAC seem to support the truth of alleged "misstatements," so the challenged statements may not be misstatements, even when read in the light most favorable to the Plaintiff. <u>E.g.</u>, Plaintiff claims, "[Y]ou can kind of peel off the onion to see what kind of granularity you want to look at …" is false, TAC ¶ 83, while also alleging that "Herbalife's own documents and statements plainly demonstrate that the Company has immediate access to all of the data that Omnitrition and the Permanent Injunction require it to maintain. Herbalife's Wholesale Product Order Form requires the names and Herbalife ID

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

"substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." Basic Inc. v. Levinson, 485 U.S. 224, 231-32 (1988); see also No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp., 320 F.3d 920, 935 (9th Cir. 2013) (finding reasonable investor would view deferred maintenance costs, unsafe practices, and possible sanctions as significantly altering the mix of information). But the alleged misstatements identified by Plaintiff do not significantly alter the total mix of information available. The information about which Defendants allegedly misled the market is potentially relevant to a pyramid scheme defense. See Webster v. Omnitrition, Int'l, Inc., 79 F.3d 776, 783 (9th Cir. 1996) (holding failure to enforce policies prevented Omnitrition from successfully asserting defenses at summary judgment stage). But no regulatory or criminal allegations have been made to date, and Herbalife has consistently acknowledged that as an MLM company, it is susceptible to private party allegations of being a pyramid scheme. See Order Re: Defs.' First Mot. to Dismiss (Dkt. 87) at 13. Herbalife's compensation structure, which incentivizes downline recruiting and awards significant payments for recruitment, was a well-known and long-running practice. See TAC ¶ 58. The existence of the policy safeguards cited in Omnitrition would be relevant to a pyramid scheme defense, but are not dispositive. See Omnitrition, 79 F.3d at 781-82.

The materiality of the alleged misstatements is further undermined by the stock price in the immediate aftermath of the second "corrective disclosure" on December 20, 2012. Plaintiff acknowledges that the stock price was climbing less than a week after the disclosure, TAC ¶ 128, and that share prices continued to rise over the next two weeks, as other hedge funds bought shares, TAC ¶¶ 131-135. At the hearing, Plaintiff confirmed that it also bought additional shares well after the alleged corrective disclosures, further suggesting the alleged misstatements were immaterial to investors. See TAC ¶ 136.

Even assuming the statements were "material misstatements," Plaintiff's TAC fails because it does not adequately plead scienter.

## Scienter

The Court granted Defendants' previous motion to dismiss because Plaintiff failed to "state with particularity facts giving rise to a strong inference that defendants acted with the intent to deceive or with deliberate recklessness as to the possibility of misleading investors." Berson v. Applied Signal Tech., Inc., 527 F.3d 982, 987 (9th Cir. 2008) (internal punctuation omitted). The Private Securities Litigation Reform Act, 15

---

numbers for distributors and supervisors, and the name, address, phone and email address for product shipment," TAC ¶ 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

U.S.C. § 78u-4(b)(2), requires "particular allegations which strongly imply Defendants' *contemporaneous* knowledge that the statement was false when made." Id. at 989. Facts from which an inference "rationally *could* be drawn" are insufficient. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007). The inference "must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." Glazer Capital Mgmt., LP v. Magistri, 549 F.3d 736, 742-43 (9th Cir. 2008). Facts indicating recklessness must indicate "no less than a degree of recklessness that strongly suggests actual intent." Id. at 743. Although allegations must be assessed holistically, "[o]missions and ambiguities count against inferring scienter." Tellabs, 551 U.S. at 326.

Plaintiff's TAC attempts to sufficiently plead scienter by re-alleging previous allegations concerning Johnson's "unusual and suspicious" stock sales and by pleading facts alleging Johnson's hands-on management style and access to internal reports. But Plaintiff still fails to adequately allege scienter.

Generally speaking, allegations of a "hands-on" management style, interaction with other officers and employees, attendance at meetings, and receipt of weekly or monthly reports are insufficient to create a strong inference of scienter. Glazer Capital, 549 F.3d at 746; see also South Ferry LP, No. 2 v. Killinger, 542 F.3d 776, 784-85 (9th Cir. 2008). However, allegations of the manager's role and the importance of the information can create a strong inference of scienter if coupled with detailed and specific allegations about exposure to factual information within the company. Id. at 785. A strong inference may also be found where "the relevant fact is of such prominence that it would be 'absurd' to suggest that management was without knowledge of the matter." Id. at 786; see also Berson, 527 F.3d at 988 n. 5 (inferring scienter where $8 million of work was halted, 50-75 employees had to be reassigned, and defendants had to complete massive amounts of paperwork).

Plaintiff alleges there is a strong inference of scienter because Johnson was quoted as saying he is "100% engaged," "no detail is too big or too small," and that the company "know[s] all the numbers," including who is recruiting and who is selling to other people. TAC ¶¶ 47, 53. The statements do not aid Plaintiff, however, because they were made in October 2014 – nearly two years after the end of the class period. They imply nothing about Johnson's contemporaneous knowledge in 2011 and 2012. See Berson, 527 F.3d at 987. Likewise, Johnson's conversations with top distributors and new distributors, see TAC ¶¶ 51-53, cannot create an inference that he had knowledge that Herbalife was not tracking sales percentages companywide.

Plaintiff's allegations regarding the "Actionable Report," completed in late 2010 or 2011, come the closest to raising an inference of scienter, TAC ¶¶ 74-75, but they are still insufficient. Plaintiff alleges Herbalife commissioned a study of former distributors and the study "was known to Defendants." TAC ¶ 74. But Plaintiff provides no detailed or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

specific allegations about exposure to the results of the study.  See South Ferry LP, 542 F.3d at 785.  Moreover, Plaintiff alleges that Defendants had another study during the class period showing a high percentage of sales to consumers.  TAC ¶¶ 71, 72.  The existence of the other study undercuts Plaintiff's allegations that Defendants were knowingly deceptive or so reckless as to suggest intent.[3]

Plaintiff's allegations regarding Johnson's "unusual and suspicious" stock sales do not aid them in showing scienter either.  The Court previously acknowledged that unusual or suspicious sales may constitute circumstantial evidence of scienter.  See Order re Mot. to Dismiss SAC (Dkt. 115) at 6.  But Plaintiff's SAC was insufficient without more particularized allegations concerning the timing or other details of the sales.  Id. at 7.  Cf. Am. W. Holding Corp., 320 F.3d at 939 (stock sales occurred during three-month window in which officials were making optimistic but false assurances and selling at the stock's peak price).  Plaintiff's allegations concerning Johnson's stock sales are essentially unchanged from the SAC allegations, which were already found deficient by the Court.  Plaintiff eliminated references to expert testimony that the Court ruled inadmissible but did not otherwise alter the substance.  See TAC ¶¶ 158-168.  Plaintiff's allegations regarding Johnson's stock sales are still insufficient to support the "strong inference" of scienter.

## Conclusion

Following the two prior motions to dismiss, the Court granted leave to amend.  But "[l]eave to amend need not be granted when an amendment would be futile."  In re Vantive, 283 F.3d at 1093-94.  Plaintiff has had multiple opportunities to correct shortcomings in its complaints.  On scienter, in particular, the Court has repeatedly ruled that Plaintiff's factual allegations fall short.  Plaintiff's TAC is DISMISSED with prejudice.

IT IS SO ORDERED.

---

[3] Plaintiff argues the methodology of the "Lieberman Report" was flawed, TAC ¶ 73, but that does not aid Plaintiff's allegation that Defendants intentionally or knowingly misrepresented the percentage of sales to customers.  In any event, it is not entirely clear that the Actionable Report "directly contradicts" the Lieberman Report as Plaintiff alleges.  TAC ¶ 74.  The Actionable Report was a survey of distributors who left Herbalife, a sampling base likely to be different from active distributors.